NOT RECOMMENDED FOR PUBLICATION

No. 23-1042

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 20, 2023
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| DANYALE SHARRON TUBBS, | ) |
|     Plaintiff-Appellant, | ) ) ) |
| v. | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| SHERRY A. PAYTON, named as, General Office Assistant for Michigan Department of Corrections, | ) ) ) ) |
|     Defendant-Appellee. | ) |

O R D E R

Before: BOGGS, McKEAGUE, and BLOOMEKATZ, Circuit Judges.

Danyale Sharron Tubbs, a Michigan prisoner proceeding through counsel, appeals the judgment dismissing his civil-rights action. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the following reasons, we vacate and remand.

I.

In 2022, Tubbs brought this 42 U.S.C. § 1983 action against Sherry Payton, a mail-room employee at Earnest C. Brooks Correctional Facility. Tubbs alleged that Payton violated his constitutional rights by withholding a book that he received through prison mail. According to the complaint, the book was from an approved vendor and was written by his sister, a sexual assault survivor and an advocate for "healing techniques for abuse survivors." Payton withheld the book because she determined that it contained details about the rape of a child and thus violated Rule NN11 of a Michigan Department of Corrections Policy Directive. MDOC Policy Directive 05.03.118 (effective Mar. 1, 2018).

According to the directive, prisoners may not receive mail "that may pose a threat to the security, good order, or discipline of the facility, facilitate or encourage criminal activity, or interfere with the rehabilitation of the prisoner." Policy Directive 05.03.118, Rule NN. "Certain types of incoming mail, which are listed in the policy, are deemed to pose these risks under all circumstances." *Ward v. Jones*, 64 F. App'x 422, 423 (6th Cir. 2003). This includes Rule NN11, which prohibits "[m]ail containing, or encouraging or providing instruction in, the commission of criminal activity," and Rule NN5, which prohibits mail "describing, depicting or appearing to promote sexual acts involving children."

After Payton withheld the book, Tubbs requested an administrative hearing. At the hearing, a prison counselor determined that the book did not violate Rule NN11 because Tubbs's sister wrote the book from a "self-help perspective" and the counselor ordered that it be given to Tubbs. But Payton refused to give Tubbs the book, arguing at a second hearing that it violated Rule NN5 by "describing, depicting or appearing to promote sexual acts involving children." This time, the counselor agreed that Rule NN5 applied because the book described a sexual act involving a child. MDOC officials then placed the book on the restricted list.

Tubbs then filed this action, asserting that censoring the book violated his First Amendment rights, and that Rule NN5 was overbroad. He further argued that the failure to enforce the initial administrative ruling violated his due-process rights.

Tubbs consented to proceeding before a magistrate judge. Upon initial screening pursuant to 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c), the magistrate judge dismissed the complaint for failure to state a claim. The magistrate judge recognized that "prison officials have a legitimate interest in preventing prisoners from possessing material that encourages or provides instructions for the commission of criminal activity, such as committing sexual acts with a child." Op., R. 8, PageID 39. And he found that the allegations in the complaint "show[ed] that the book . . . discussed the commission of criminal activity" (a first-hand account of the author being sexually assaulted as a child). *Id*. at 40. Therefore, the magistrate judge concluded that Payton's withholding of the book did not violate the First Amendment because it was rationally related to a

penological interest. *Id.* at 40–41. The magistrate judge also dismissed Tubbs's due-process claim. *Id*. at 41–46.

## II.

On appeal, Tubbs challenges the dismissal of his First Amendment claims, but explicitly abandons his due-process claim. We review de novo a sua sponte dismissal under 28 U.S.C. §§ 1915A and 42 U.S.C. § 1997e(c), which require a district court to screen and dismiss any portion of a complaint that is frivolous or malicious or fails to state a claim upon which relief can be granted. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)). The Supreme Court has "laid out four factors 'relevant in determining the reasonableness of the [prison] regulation at issue.'" *Bethel v. Jenkins*, 988 F.3d 931, 939 (6th Cir. 2021) (quoting *Turner v. Safley*, 482 U.S. 78, 89–90 (1987)). The *Turner* factors are:

> First, there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it. . . . [Second,] whether there are alternative means of exercising the right that remain open to prison inmates. . . . [Third,] the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally. . . . [Fourth,] the absence of ready alternatives is evidence of the reasonableness of a prison regulation.

482 U.S. at 89–90 (cleaned up).

The magistrate judge dismissed the complaint because the book "discussed the commission of criminal activity"—the book indisputably contained "accounts of a sexual act with a child." R. 8, PageID 40. Relying on Rule NN11, the magistrate judge found "a valid rational connection between the rule prohibiting prisoners from possessing material that encourages or provides

instruction for the commission of criminal activity and the legitimate governmental interest which the rule furthers: preserving the safety of the institution and the resources of the prison expended to ensure that safety." *Id*. That was enough for the magistrate judge to dismiss Tubbs's First Amendment claim. *Id*. at 41.

Though the magistrate judge correctly identified a valid governmental interest, the analysis contains two critical errors. First, it ignored a key fact in the record—that an MDOC hearing officer had already reviewed the book, determined that it did not violate Rule NN11, and thought Tubbs "should have received the book" because it was "written in a self-help perspective." The prison did not, as the magistrate judge's analysis assumes, withhold the book under the rule that prohibits mail that "encourages or provides instruction for the commission of criminal activity." R. 8, PageID 40. Second, the magistrate judge failed to address Tubbs's as-applied and facial challenges to Rule NN5, which prohibits mail that depicts sexual conduct with a child. In failing to properly address Tubbs's specific claims regarding Rule NN5, the rule under which the prison withheld the book, the district court erred. *See Byrd v. Haas*, 17 F.4th 692, 700 (6th Cir. 2021).

Without commenting on the merits of Tubbs's First Amendment claims, we vacate the order to provide the district court an opportunity to correct these mistakes. On remand, the district court must determine whether Tubbs has adequately alleged (1) that there is no reasonably rational connection between a legitimate government interest and prohibiting this particular book and (2) that Rule NN5 is overbroad.

III.

For these reasons, we **VACATE** the judgment and **REMAND** for further proceedings.

ENTERED BY ORDER OF THE COURT

_Kelly L. Stephens_
Kelly L. Stephens, Clerk